UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――――――――――――X
DEBORAH D. PETERSON, *et al.*,

         Appellants,

v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

         Defendants.
―――――――――――――――X

No. 13-7086

D.D.C. Civ. No. 01-2094 (RCL)

## APPELLEE HSBC BANK USA, N.A.'S
## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to this Court's order of May 28, 2013 and Circuit Rule 28(a)(1), Appellee HSBC Bank USA, N.A. ("HBUS") files this certificate as to parties, rulings, and related cases.

    **I.**    **Parties**

The Appellants are identified as "Deborah D. Peterson, *et al.*" in Appellants' Certificate of Counsel as to Parties, Rulings, and Related Cases, filed on June 17, 2013 (Docket No. 1441642) ("Appellants' Certificate"). On September 7, 2007, Appellants (Plaintiffs below) obtained a default judgment in the amount of nearly $2.7 billion against the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively, "Defendants") in the District Court action. The judgment was entered after Defendants failed to appear and defend against a consolidated action brought by nearly one thousand Plaintiffs,

asserting claims on behalf of 241 United States servicemen killed in the bombing of a United States Marine barracks in Beirut, Lebanon on October 23, 1983. HBUS understands that a complete list of Plaintiffs in the District Court action is included in the District Court's September 7, 2007 judgment.

HBUS (a non-party below) is the only Appellee before this Court. On January 28, 2013, Plaintiffs filed a Motion for Sanctions Pursuant to Title 16, Section 526(b) of the D.C. Code, seeking from HBUS recovery of the entirety of their nearly $2.7 billion judgment, plus interest, against Defendants. The sole basis for Plaintiffs' motion was HBUS's purported failure, in 2008, to list less than $25,000 in blocked electronic funds transfers ("EFTs") in response to Plaintiffs' Writ of Attachment and Interrogatories in Attachment (the "Interrogatories"), which asked only whether HBUS was "indebted to" or possessed "goods, chattels, or credits of" Defendants. On April 11, 2013, the District Court denied Plaintiffs' motion, as well as a related motion to schedule discovery and oral argument, concluding that, because Defendants "had no property interest in these blocked EFTs" under Article 4-A of the Uniform Commercial Code ("UCC"), "HBUS's 2008 statements that it was not 'indebted to' defendants and did not possess any of their 'goods, chattels, or credits' were legally accurate, notwithstanding their failure to mention these blocked EFTs." (D.D.C. Docket No. 501 at 4-5.)

Pursuant to Circuit Rule 26.1, HBUS is a wholly-owned subsidiary of HSBC North America Holdings, Inc., which is wholly owned by HSBC Overseas Holdings (UK) Limited, which is wholly owned by HSBC Holdings plc, a United Kingdom corporation. HSBC Holdings plc shares are traded in the United States as American Depository Shares on the New York Stock Exchange.

In addition to HBUS, the following entities have, at various points in time, been non-parties in the District Court action (although none are parties in the present appeal before this Court): Abu Dhabi International Bank; Asian Development Bank; Bank of Tokyo; Bank of Tokyo-Mitsubishi UFJ; Caterpillar, Inc.; Clearstream Banking, S.A.; Deutsche Bank; Export-Import Bank of India; Intelsat, S.A.; International Finance Corporation; International Monetary Fund; International Telecommunications Satellite Organization; Japan Bank for International Cooperation; Mitsubishi International Corporation; Occidental International Corporation; Occidental Petroleum Corporation; the Department of Treasury's Office of Foreign Assets Control ("OFAC"); Siemens Corporation; State Bank of India; United States of America; and World Bank.

## II.    Rulings Under Review

References to the rulings at issue appear in Appellants' Certificate.

### III.   Related Cases

The case on review was previously before this Court, as identified in Appellants' Certificate.

In Appellants' Certificate, Appellants assert that *Estate of Heiser* v. *Islamic Republic of Iran*, No. 12-7101 (D.C. Cir.), involves "similarly-situated parties and similar issues to the questions presented here," and that *Calderon-Cardona* v. *The Bank of New York Mellon*, No. 12-75 (2d Cir.), and *Hausler* v. *JPMorgan Chase Bank, N.A.*, Nos. 12-1264, 12-1384, and 12-1945 (2d Cir.), "pose similar questions of law as presented in this case."[1] (Appellants' Certificate at 2.) Although an appellate ruling that Section 201 of the Terrorism Risk Insurance Act of 2002 requires that a foreign state (or its agency or instrumentality) have an "ownership interest" in "blocked assets" or "property" in order for such assets or property to be subject to execution would further support HBUS's position on this appeal, a contrary ruling would not contradict the District Court's conclusion that HBUS did not violate Title 16, Section 526(b) of the D.C. Code by not identifying certain blocked EFTs in response to these particular Interrogatories that asked only whether HBUS was "indebted to" or possessed the "goods, chattels, or credits of"

---

[1]   On February 11, 2013, the Second Circuit held oral argument in the *Calderon-Cardona* and *Hausler* appeals. With respect to the *Heiser* appeal that is pending before this Court, the parties' briefing is complete and oral argument has been scheduled for September 24, 2013.

-4-

Defendants. Moreover, regardless of the outcome of the *Heiser*, *Calderon-Cardona*, and *Hausler* appeals, it would not have a retroactive effect on the accuracy of HBUS's response to the Interrogatories in 2008. Further, the law does not permit, and there is no precedent for, entry of a $2.7 billion judgment (plus interest) as a consequence of not listing less than $25,000 in blocked EFTs in responses to interrogatories, especially when Plaintiffs obtained information about blocked EFTs directly from OFAC.

Dated: June 27, 2013
New York, New York

        /s/ Bruce E. Clark
        Bruce E. Clark
        Alexander J. Willscher
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, New York 10004
        (212) 558-4000
        clarkb@sullcrom.com
        willschera@sullcrom.com

        *Counsel for Appellee HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June 2013, the foregoing Appellee HSBC Bank USA, N.A.'s Certificate as to Parties, Rulings, and Related Cases was served via the Court's Electronic Case Filing System.

/s/ Bruce E. Clark
Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
clarkb@sullcrom.com

*Counsel for Appellee HSBC Bank USA, N.A.*